Dear Mr. Prickett:
I am in receipt of your opinion request wherein you request an opinion regarding the responsibility of the East Baton Rouge Parish School Board to provide transportation for students residing in East Baton Rouge Parish and attending the Louisiana School for the Deaf.
You have indicated that historically and traditionally East Baton Rouge Parish has transported all Louisiana School for the Deaf students who reside in the parish. However, at the beginning of the 1994-1995 school year, the parish declared they would no longer transport students placed at the Louisiana School for the Deaf by their parents under Act 433 of the 1992 Regular Session. The parish subsequently agreed to transport these students under an interagency agreement with the school.
Specifically, you ask the following questions:
 1) Is the East Baton Rouge Parish School Board required to transport students attending the Louisiana School for the Deaf who were placed there by their parents under Act 433?
 2) Is it legal for the school to spend state general fund monies to reimburse the parish for providing transportation of the students in question under the interagency agreement?
The general rule pertaining to transporting students to and from school is found in LSA-R.S. 17:158 A which provides the following:
 (1) Except as provided by Subsection H of this Section and in accordance with the requirements of Subsection F of this Section, each parish and city school board shall provide free transportation for any student attending a school of suitable grade approved by the State Board of Elementary and Secondary Education within the jurisdictional boundaries of the parish or school board if the student resides more than one mile from such school.
However, Act 433 of the 1992 Regular Session which is codified in LSA-R.S. 17:1946 which deals with alternative education settings contains provisions which address the issue of transportation for students that attend the Louisiana School for the Deaf. Section A(3) and B(1) provide as follows:
 A. (3) The Department of Education shall operate residential schools for the education of children with hearing handicaps who are unable to take advantage of the regular educational facilities provided in the community, and shall provide in connection therewith such academic, vocational, and related services as may be required.
Children shall be eligible for admission to those schools only after proper diagnosis and evaluation in accordance with procedures prescribed by the department.
 B. (1) Notwithstanding the provisions of this Section to the contrary, the Department of Education shall provide for the operation of one or more residential schools for the education of children with hearing handicaps who are unable to take advantage of the regular educational facilities provided in the community, and shall provide in connection therewith such academic, vocational, and other related services as may be required.
Children shall be eligible for admission to such schools only after proper diagnosis and evaluation in accordance with procedures prescribed by the Department of Education.
(Emphasis added)
"Related services" as defined in LSA-R.S. 17:1943 (3) means "transportation and . . ."
It is evident from reading LSA-R.S. 17:1946 A (3), B (1) and the definition of related services that the Department of Education is mandated to provide for transportation for at least one residential school for hearing impaired students in the state who are unable to take advantage of the regular educational facilities provided in the community. Since the Louisiana School for the Deaf is the only hearing impaired school in the State of Louisiana, the Department of Education must provide for transportation for the students that attend this school who are unable to take advantage of the regular educational facilities unless as provided for in LSA-R.S. 17:1946 B (3) the Department of Education has adopted rules and regulations that specify otherwise. LSA-R.S. 17:1946 B (3) provides:
 (3) The Department of education, with the approval of its governing authority and with the advice of the Louisiana School for the Deaf, shall adopt any rules and regulations necessary for the implementation of this subsection. Such rules and regulations may include the respective responsibilities of the student's parent or legal guardian, the state agency, the school district, and the Louisiana School for the Deaf for students referred or admitted pursuant to the provisions of this Subsection. Such rules and regulations shall recognize that a deaf child's education shall be based on the child's unique needs, including language, social, emotional, and academic needs. Such rules and regulations shall include a requirement that parents or legal guardians shall be informed of all placement options that will appropriately meet the deaf child's unique educational needs. (Emphasis added)
Also, see LSA-R.S. 17:348 D (2) which is substantially the same which was passed during the same legislative session.
In a telephone conversation with Mr. Frank Norris, who is the director of the Bureau of Special Projects with the Department of Education, he informed me that Bulletin 1191 which is approved by the Board on Elementary and Secondary Education deals with transportation of residential boarding students. It provides in pertinent part as follows:
 4. Funds for such transportation services may (sic) used by local school systems for transportation to the nearest facility approved by the Louisiana Department of Education only if the local school system is unable to provide the services required by the student with special needs. This need should also be verified by the student's Individual Educational Plan (I.E.P.)
 5. Payment for such transportation services shall be made by the local school system at the current state approved rate for the reimbursement of mileage for transportation within the state for a maximum of nine (9) round trips per school year.
As specified above, the use of local funds for transporting students to the nearest facility approved by the Department of Education may only be used if the local school system is unable to provide the services required by the student with special needs. Therefore, in response to question number one, if the East Baton Rouge Parish School Board is unable to provide the services a student requires, they are mandated to use local funds to transport a child to the School for the Deaf.
In response to your second question, unless the East Baton Rouge Parish School Board is unable to provide the services required by a student with special hearing needs, there is no need for an interagency agreement wherein the School for the Deaf spends state general funds to reimburse the parish for providing transportation to the students-in-question.
I hope this opinion has sufficiently addressed your concerns. If I can be of further assistance, please let me know.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY _________________ BETH CONRAD LANGSTON Assistant Attorney General